BURTON COAL & LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44807. Promulgated February 12, 1931.

*George G. Armstrong, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

OPINION.

MATTHEWS: This proceeding involves a redetermination of deficiencies in income taxes for the fiscal years ended January 31, 1925, and January 31, 1926, in the respective amounts of $781.71 and $146.10, which were proposed for assessment against the petitioner as a transferee of assets of the Edward Gray Clothing Company. The issues presented are (1) whether the petitioner is liable for the taxes of the Edward Gray Clothing Company as a transferee under the provisions of section 280 of the Revenue Act of 1926; and (2) whether the respondent erred in disallowing as deductions from gross income of the Edward Gray Clothing Company for the fiscal years ended January 31, 1925, and January 31, 1926, amounts claimed as depreciation which represent 20 per cent of the closing inventories and which were intended to cover estimated depreciation of the merchandise.

The Edward Gray Clothing Company was incorporated in May, 1924, to engage in the retail men's clothing business. It purchased at a bankrupt sale all that was left of the stock of the Gray Brothers Company for $22,850.04 and set the merchandise up on its books at that cost.

To the opening inventory were added purchases at cost as per invoices and the inventory was reduced by the cost of merchandise sold. At the end of each year a physical inventory was taken at cost and the books were adjusted to conform thereto. The income reflected by its books was determined on the basis of cost and no adjustment was made on the books to arrive at the market value of the merchandise.

Upon its income tax returns for the fiscal years 1925 and 1926 there were included under the item "Depreciation" the respective amounts of $6,162.99 and $9,883.10, which were stated to represent depreciation of 20 per cent on the cost of the merchandise, as shown by the closing inventories. The amounts thus deducted from gross income were based upon an estimate of the decrease in value of the merchandise by reason of the inclusion in the inventories of obsolete and shopworn goods, and were not reflected on the books of the corporation. The deduction for depreciation shown on the income

tax return for 1925 was not reflected in the opening inventory shown on the 1926 return.

On January 24, 1927, the Edward Gray Clothing Company sold its entire assets to one Hibbs, receiving therefor in cash the sum of $39,000. There were outstanding 390 shares of stock. Each stockholder received $100 a share for the stock owned by him and the company was promptly dissolved. The Burton Coal & Lumber Company, the petitioner herein, owned not less than 190 shares of stock of the Edward Gray Clothing Company and received not less than $19,000 when the distribution was made.

The deficiencies were duly assessed against the Edward Gray Clothing Company, which company has dissolved and has no assets from which the taxes may be collected. Respondent has asserted the liability against the Burton Coal & Lumber Company, as transferee, which company received assets in distribution of the dissolved corporation in excess of the outstanding taxes. These facts clearly establish and petitioner admits its liability as a transferee under the provisions of section 280 of the Revenue Act of 1926.

It is claimed on behalf of the petitioner that the Edward Gray Clothing Company had the right to take its inventories upon the basis of cost and reduce the amount thereof by a straight percentage basis to arrive at market with respect to certain alleged out-of-style and practically unsalable merchandise.

Section 205 of the Revenue Act of 1926 provides as follows:

Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

The regulations which the Commissioner has prescribed with respect to the valuation of inventories provide in part as follows:

ART. 1612. Valuation of inventories.—Section 205 provides two tests to which each inventory must conform:

First. It must conform as nearly as may be to the best accounting practice in the trade or business, and

Second. It must clearly reflect the income.

\*       \*       \*       \*       \*       \*       \*

The bases of valuation most commonly used by business concerns and which meet the requirements of section 205 are (a) cost and (b) cost or market, whichever is lower. \* \* \* Any goods in an inventory which are unsalable at normal prices or unusable in the normal way because of damage, imperfections, shop wear, changes of style, odd or broken lots, or other similar causes, including secondhand goods taken in exchange, *should be valued at bona fide selling prices less cost of selling*, whether basis (a) or (b) is used, \* \* \*. Bona fide selling price means actual offering of

goods during a period ending not later than 30 days after inventory date. The burden of proof will rest upon the taxpayer to show that such exceptional goods as are valued upon such selling basis come within the classifications indicated above, and he·shall maintain such records of the disposition of the goods as will enable a verification of the inventory to be made.

\* \* \* \* \* \* \*

\* \* \* Where the taxpayer maintains book inventories in accordance with a sound accounting system in which the respective inventory accounts are charged with the actual cost of the goods purchased or produced and credited with the value of goods used, transferred, or sold, calculated upon the basis of the actual cost of the goods acquired during the taxable year (including the inventory at the beginning of the year), the net value as shown by such inventory accounts will be deemed to be the cost of the goods on hand. The balances shown by such book inventories should be verified by physical inventories at reasonable intervals and adjusted to conform therewith.

Inventories should be recorded in a legible manner, properly computed and summarized, and should be preserved as a part of the accounting records of the taxpayer. The inventories of taxpayers on whatever basis taken will be subject to investigation by the Commissioner, and the taxpayer must satisfy the Commissioner of the correctness of the prices adopted.

The following methods, among others, are sometimes used in taking or valuing inventories, but are not in accord with these regulations, viz:

(1) Deducting from the inventory a reserve for price changes *or an estimated depreciation in the value thereof.* (Italics supplied.)

\* \* \* \* \* \* \*

We think that these regulations are reasonable and carry out the intendment of·the statute.

The Edward Gray Clothing Company took its inventories at cost and the profit made on the sale of its goods was computed on the basis of inventories valued at cost. The regulations quoted above provide a method by which the taxpayer could have reduced its inventory in the case of out-of-style and practically unsalable merchandise. The evidence in this case, however, is that the taxpayer did not follow the method prescribed and in fact made no entries on its books to reflect the unsalable merchandise which was included in its closing inventory. It merely claimed as a deduction on its return an estimated depreciation in the value of the merchandise in the closing inventory.

We have consistently held that an inventory taken at cost may not be reduced by a straight percentage basis to determine market. *Kleeman Dry Goods Co.*, 2 B. T. A. 369; *Orents Department Stores, Inc.*, 3 B. T. A. 52; *O. A. Steiner Tire Co.*, 9 B. T. A. 1289.

The item "Depreciation" which is listed on the income tax return form under "Deductions" is designed to cover depreciation on property used in the trade or business which is subject to exhaustion, wear and tear or obsolescence. It was not designed to cover reductions

in inventories or depreciation in value of the stock in trade. The adjustments for a decline in value of stock in trade should be reflected in the inventory accounts on the books of the taxpayer and in the inventory items on the return.

As a matter of law the taxpayer was mistaken in thinking that it was entitled to " depreciation " on its inventory. The Commissioner, therefore, did not err in disallowing the deduction claimed.

*Judgment will be entered for the respondent.*