360 A.2d 105.

MINIATURE CASTING CORPORATION *vs.* JOHN H. NORBERG, TAX ADMINISTRATOR.

JULY 12, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a petition for certiorari to review a Superior Court judgment upholding a decision of the Tax

Administrator determining that certain dies and machinery of the petitioner are subject to the Sales and Use Tax Act. General Laws 1956 (1970 Reenactment) §44-18-20.

The petitioner is a die-casting manufacturer which produces metal parts. These parts are sold to other manufacturers and used as components in their products. The dies are used as molds. Zinc metal is injected into the dies or molds in order to fabricate metal parts. A set of dies, if used continuously, can last between two weeks and two months although the longest set of dies which petitioner uses would wear out within approximately four months if they were put to constant use. The petitioner rarely has orders large enough to cause the dies to be used for a sustained period of time long enough to wear out the dies within one year.

The petitioner makes some dies for its customers only on an experimental basis and these dies will not be used at all and will consequently not wear out within a year.

The petitioner was assessed a use tax on all dies that did not wear out within a year. Section 44-18-30(H)[1]

---

[1]General Laws 1956 (1970 Reenactment) §44-18-30(H) in pertinent part reads as follows:

"H. Purchase for manufacturing purposes. From the sale and from the storage, use, or other consumption in this state of tangible personal property, electricity, natural gas, artificial gas, steam, refrigeration, and water, when such property or service is purchased for the purpose of being manufactured into a finished product for resale, and becomes an ingredient, component, or integral part of such manufactured, compounded, processed, assembled, or prepared product; or if such property or service is consumed directly in the process of manufacturing for resale tangible personal property, electricity, natural gas, artificial gas, steam, refrigeration, or water, provided, however, that such consumption occurs within one (1) year from the date such property or service is first used or applied in such process of manufacturing.

" 'Consumed directly' means destroyed, used up, or worn out to the degree or extent that such property cannot be repaired, reconditioned, or rendered fit for further manufacturing use.

" 'Consumed directly' shall not mean or include mere obsolescence."

exempts from the Sales and Use Tax personal property if it is consumed directly in the process of manufacturing where such consumption occurs within one year from the date the property is first used in the manufacturing process.

Another item which was taxed over petitioner's objection was a certain machine purchased from a New Jersey firm. This machine was to be used as a model to build a machine for petitioner's customer. The machine was not used for actual manufacture of products but was dismantled in order to discover its engineering advantages. It was reassembled and made operable and a buyer was being sought for it at the time of the hearing.

The president of petitioner corporation testified that certain parts of six machines assembled for resale and shipped to a customer in Canada were listed in petitioner's records and tax return as depreciable assets.

The respondent-tax administrator entered a decision assessing a tax against petitioner in the amount of $2,419.96 with interest of $430.05 and a penalty of $242.00 for a total tax liability of $3,092.01. The petitioner appealed to the Superior Court on a certified record and memoranda of counsel, and a justice of that court rendered a decision sustaining the findings of fact and conclusions and affirming the decision of the tax administrator. The trial justice also found that §44-18-30(H) is not unconstitutional. A judgment thereafter was entered in accordance with the Superior Court justice's decision.

The petitioner first contends that dies made for a particular customer for experimental purposes, but never put into production, are not subject to the Sales and Use Tax Act where the price for said dies is determined not by the value of the dies but by a charge for services involved in the manufacture of dies.

The petitioner argues that the dies not used in produc-

tion should not be taxed on the ground that what is sold in such transactions is not the die itself, but rather the services which go into manufacturing or fabricating such a die. The petitioner argues that services are not taxable. The respondent states that the dies are taxed as personal property under the statute and whatever effort was expended in order to create the die that may never be used is not relevant to the tax and since they have value if used in production they are rightfully taxed.

The tax in question is levied on personal property. The taxpayer's contention is that the imposition of a tax on experimental dies is poor policy since it discourages experimentation and progress. The issue raised by the taxpayer is not directed to the power of the Legislature to impose the tax but to the soundness of the policy underlying its exercise, and it is well-settled that this is a matter with which this court properly may not concern itself. *Capitol Building Co.* v. *Langton,* 101 R. I. 131, 136, 221 A.2d 99, 102 (1966). The taxpayer's remedy, if any, is with the Legislature and not with this court.

The taxpayer next argues that §44-18-30(H) is unconstitutional and a denial of equal protection guaranteed by the fourteenth amendment to the United States Constitution.

The taxpayer argues that since the law exempts from the tax personal property which is worn out within a year that it favors the large manufacturer which wears out dies faster because of the number of orders filled whereas small companies, such as the taxpayer here, who fill smaller orders and therefore do not wear out dies as fast are discriminated against. The taxpayer urges us that the statutory exemption of wearing out within a year should be construed to mean worn out after a year's continuous use, not worn out a calendar year after its first use, as construed by the tax administrator. The

taxpayer cites a Massachusetts case² which is inapposite here as the Massachusetts statute differs substantially from our statute.

It is well-settled that legislation will not be held unconstitutional if there are reasonable classifications, whether of the taxpayers affected, *Kalian* v. *Langton,* 96 R. I. 367, 192 A.2d 12 (1963), or the kind of property subjected to tax or the form of the tax. *Opinion to the Governor,* 93 R. I. 28, 170 A.2d 908 (1961).

The test of constitutionality here is whether the allowance of an exemption for dies consumed within one year in the process of manufacturing goods for sale is a reasonable time limitation. We hold the limitation imposed by §44-18-30(H) to be reasonable and consequently it does not deny the taxpayer equal protection of the law whether he be a large or a small manufacturer.

The taxpayer next argues that the trial justice misconceived the evidence in relating to certain items claimed to be taxable which are not taxable under the law. The taxpayer argues that it purchased in New Jersey a machine it intended to use as a model in order to build a machine for its customer. The machine was brought to Providence and taken apart in order to obtain ideas for die-casting machines. The New Jersey machine was then reassembled and the taxpayer made no further use of it. The taxpayer then purchased materials to assemble six die-casting machines which were shipped to a customer in Canada. The machines were taxed under §44-18-11 which excludes from the tax personal property held for shipment or used as a component for something to be shipped outside of Rhode Island. The taxpayer claims that since the machines were built for resale that they should not have been taxed.

---

²*Courier Citizen Co.* v. *Commissioner of Corps. & Taxation,* 358 Mass. 563, 266 N.E.2d 284 (1971).

If this was the only evidence, the taxpayer's argument that the evidence was misconceived may be persuasive. However, there is an admission by the taxpayer that the items complained of were treated as depreciable assets on the federal income tax return, and there is consequently evidence that the items were not considered as inventory but rather as personal property which is subject to the use tax. Depreciable assets are defined in Internal Revenue Regulation 1.167(a)-1. They do not include goods or merchandise produced or purchased for resale. *Burton Coal & Lumber Co.* v. *Commissioner,* 22 B.T.A. 133 (1931). The trial justice therefore was not clearly wrong and did not misconceive the evidence.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the judgment entered by the Superior Court is affirmed, and the papers certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Z. Hershel Smith, Smith & Smith, Incorporated,* for petitioner.

*Julius C. Michaelson,* Attorney General, *Gregory L. Benik,* Special Asst. Attorney General, for respondent. *Perry Shatkin,* Chief Legal Officer, for John H. Norberg, Tax Administrator.