372 A.2d 979.

BURRILLVILLE RACING ASSOCIATION *vs.* STATE OF
RHODE ISLAND.

APRIL 26, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is a civil action to enjoin the collection of the tax on admissions to certain racing events imposed by G.L. 1956 (1970 Reenactment) § 44-29-1 et seq. and to recover taxes previously collected pursuant to that statute. The plaintiff, Burrillville Racing Association (Burrillville), alleges that the statute is arbitrary and therefore in viola-

tion of the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. A Superior Court justice, sitting without a jury, upheld the statute. We affirm.

Burrillville is the owner and operator of a racetrack known as Lincoln Downs. Prior to 1969, Burrillville charged $1.50 to each patron admitted to its facility. In 1969, the Legislature enacted chapter 29 of title 44, entitled: Admissions Tax to Racing Events at which Pari-mutuel Betting is permitted. Section 44-29-2 provides as follows:

> "Imposition of tax.—There shall be levied and assessed a tax on admissions to any racing event in this state which shall be at the rate of one cent (1¢) for each five cents (5¢) or major fraction thereof of the admission. This tax shall be collected by the seller of any such admission at the time of the sale and shall be paid over in accordance with the following sections hereof."

Thereafter, Burrillville continued to charge $1.50 to enter the track, but posted signs at its ticket windows indicating that the admission fee was $1.25 and the admissions tax was 25 cents. Burrillville made regular returns to the tax administrator and between 1970 and 1975 paid admissions taxes in excess of $600,000. In January, 1975, Burrillville brought this action to restrain the tax administrator from collecting the tax and to obtain a refund of all taxes previously collected.

We observe first that Burrillville may not be the proper plaintiff in this case. According to the terms of § 44-29-2, the tax is to be collected "by the seller of any such admission at the time of the sale." This language suggests that the tax should be viewed as one imposed on each individual patron, not on the operator of the racetrack. It is thus questionable whether Burrillville has any right to the claimed refund, or indeed whether it has any standing to object to the tax at all. *See generally Decorative Carpets,*

*Inc.* v. *State Bd. of Equalization,* 58 Cal. 2d 252, 373 P.2d 637, 23 Cal. Rptr. 589 (1962); *Harrison Sheet Steel Co.* v. *Rosenquist,* 18 Ill. App. 2d 16, 151 N.E. 2d 462 (1958). However, the state apparently did not press this argument before the Superior Court. Moreover, whether or not Burrillville was the intended taxpayer, it appears from the fact that it paid the tax without raising its admission charge that it did in fact bear the burden of the tax. Therefore, we will proceed to consider the merits of the appeal.

Burrillville alleges that the admissions tax statute is in violation of the equal protection clause of the fourteenth amendment because the distinction contained therein between racing events at which pari-mutuel betting is permitted and other sporting events is without any rational basis. The standard which we must apply is clear. Where, as here, the classification concerns taxation and neither impinges on a so-called fundamental right nor operates to discriminate against a class previously accorded "suspect" status, the statute need only be supported by some rational and legitimate state interest. *Mancuso* v. *Taft,* 476 F.2d 187, 193 (1st Cir. 1973). That is, it will not be held unconstitutional so long as the classification established, whether it be of the taxpayers affected or of the kind of property taxed, does not rest on grounds wholly irrelevant to the purpose of the statute. *Miniature Casting Corp.* v. *Norberg,* 116 R.I. 636, 360 A.2d 105 (1976). Although no precise formula has been developed, it is clear that in this context the fourteenth amendment permits a state a wide scope of discretion in enacting laws which affect some groups of citizens differently from others. The Legislature is presumed to have acted within its constitutional power, and a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *Imperial Car Rental Corp.* v. *Lussier,* 97 R.I. 168, 174, 196 A.2d 728, 731 (1964). Furthermore, one who seeks a judi-

cial veto of a legislative act on constitutional grounds carries the burden of persuasion. *State* v. *Berker,* 112 R.I. 624, 314 A.2d 11 (1974); *State* v. *Lemme,* 104 R.I. 416, 244 A.2d 585 (1968).

In an attempt to meet its burden of demonstrating the irrationality of the statutory classification, Burrillville points to the fact that admission to other places of entertainment and to other events, such as "theaters, amusement parks, boxing matches, basketball games, football games, hockey games and the like" are not subject to a tax. However, all of those activities are distinguishable from Burrillville's because at none of those events is pari-mutuel betting permitted. As the Superior Court justice found, there are obvious differences between a movie theater, for example, and Burrillville's business; Burrillville "makes a profit on the amount of money wagered by its patrons, while a movie theater cannot resort to legalized gambling to make monetary gain from its operations." Gambling has traditionally been subject to extremely close legislative scrutiny and control. The well-known dangers and possibilities of abuse that attend gambling are of vital concern to the state and justify disparate treatment of activities where gambling is allowed.

Even so, Burrillville would have us declare the admissions tax unconstitutional because not *all* events at which pari-mutuel betting is permitted are taxed, but only racing events. Specifically, Burrillville claims that the failure to tax admissions to jai alai constitutes an impermissible distinction. Again, we cannot agree. Given the long history of horse racing in this state, and the relatively recent introduction of jai alai, the Legislature could reasonably have concluded that a tax on jai alai admissions would be premature. It would not be unreasonable to wait until the economic viability of jai alai was more clearly apparent before imposing a tax thereon. Accordingly, we affirm the

finding of the trial justice that Burrillville failed to carry its burden of showing the distinction in question to be arbitrary and we hold that §44-29-1 et seq. is not in violation of the eqal protection clause.

The thrust of Burrillville's second argument is that the tax in question is not permissible under the due process clause because it is an arbitrary and irrational exercise of legislative power. It is claimed that the tax is defective both as a regulatory measure, because it is not rationally related to any valid regulatory purpose, and as a revenue raising device, because there is no rational reason for limiting the imposition of an admissions tax solely to racing events at which pari-mutuel betting is permitted.

As to the first half of the argument, there is little doubt that the tax was not intended to be a regulatory measure. That the purpose was to raise revenue can be inferred from the title of P.L. 1969, ch. 197:

"An Act to Provide Additional Revenue to the State by Enacting an Investment Tax; by Enacting a Tax on Admission to Racing Events at which Pari-Mutuel Betting is Permitted * * *."

Burrillville introduced no evidence to the contrary.

Thus, we are left only with Burrillville's contention that the tax is invalid as a revenue raising device because the class of persons taxed is without a rational basis. This is essentially the same issue raised in the equal protection claim, and for the reasons discussed above we cannot agree with Burrillville's position. Accordingly, we find no denial of any constitutional right to due process of the law.

Burrillville having failed to establish a constitutional violation, the tax must stand. We note that throughout Burrillville's argument there is an implicit appeal to an ill-defined principle which might be stated as "taxation must be uniform and equal." As an overriding general principle, this is simply not true. The Legislature is bound

only by the mandates of the constitution, and need only provide such equality in taxation as the constitution commands. *State* v. *McCrillis,* 28 R.I. 165, 168, 66 A. 301, 303 (1907). The admissions tax meets these requirements.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Thomas R. DiLuglio, Richard C. Tallo,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *Allen P. Rubine,* Special Asst. Attorney General, *Perry Shatkin,* Chief Legal Officer (Taxation), for defendant.