DECISION
This case is before the Court on the complaint of Keven A. McKenna, P. C. and Keven A. McKenna. The six count, ninety-seven paragraph complaint seeks a declaration that portions of the Rhode Island General Laws[1] relating to Workers Compensation claims are unconstitutional, and also asks this Court to restrain the Director of the Rhode Island Department of Labor and Training from assessing any penalty upon the Plaintiffs. Presently, a number of dispositive motions are before the Court. Mr. McKenna moves for summary judgment, and Sumner Stone and Sandra Powell each move to dismiss. For the reasons set forth below, the Court declines Mr. McKenna's request for summary judgment and grants both motions to dismiss.
 I Facts and Travel
Plaintiffs, Keven McKenna, P.C. and Keven McKenna are defendants in the underlying Workers Compensation Court case of Stone v.Mr. McKenna WC-09-2592. On June 10, 2009, *Page 2 
Worker's Compensation Court Chief Judge Healy issued a pre-trial order awarding workers compensation benefits to Sumner Stone, a prior employee of Mr. McKenna. In that same court, Mr. McKenna challenged the constitutionality of the Rhode Island General Laws which govern the pre-trial order. The Workers' Compensation Court denied Mr. McKenna's constitutional challenges and granted a number of motions to enforce the order. On December 11, 2009, the Workers Compensation Court found Mr. McKenna in contempt for failing to comply with the court's orders. Thereafter, Mr. McKenna appealed the denial of his constitutional challenges to the Workers Compensation Court Appellate Division. On July 20, 2009, while the Workers Compensation Court proceedings were still pending, Mr. McKenna filed a complaint in the Superior Court naming Rhode Island Supreme Court Chief Justice Suttell and Judge Healy in their respective administrative capacities. Mr. McKenna, with permission from this Court, thereafter amended his complaint to include the remaining Defendants. Justice Suttell and Judge Healy have since been dismissed from the suit.
A remaining Defendant is Sandra Powell, the Director of the Rhode Island Department of Labor and Training. The complaint mentions Director Powell in only four of the ninety-seven paragraphs. Although these four paragraphs are all contained in Count I, the demand for relief in Counts III and IV also asks this Court to restrain the Director from imposing a fine against Mr. McKenna. The complaint alleges that the Director is seeking to fine Mr. McKenna as he seeks the review of certain statutes, that the Director refuses to pay Mr. Stone as an uninsured employee, and that the Department has failed to investigate whether Mr. Stone's claim for injury was falsely filed. Seeid. ¶¶ 7, 20. Without explanation, the complaint also alleges that Director Powell is unconstitutionally denying Mr. McKenna his constitutional rights pursuant to G.L. 1956 § 28-29-26. Seeid. ¶ 12. *Page 3 
Mr. McKenna's complaint also names Sumner Stone as the "putative beneficiary of unconstitutional worker compensation statutes."See id. ¶ 5. It alleges Mr. Stone brought a false claim for personal injury in the Workers Compensation Court, and indicates that "Stone is being sued to prevent him from obtaining illegal compensation on the basis of unconstitutional summary workers compensation insurance statutes." Id. ¶ 16.
Mr. McKenna currently moves for summary judgment on his complaint. He seeks a jury trial against Mr. Stone and a declaration that certain sections of Rhode Island's General Laws are unconstitutional. Conversely, both Director Powell and Mr. Stone move to dismiss. Director Powell argues that the complaint fails to allege sufficient facts to state a claim. She avers that she has not taken any action against Mr. McKenna which is not expressly authorized by statute. Although she is seeking to have a civil penalty assessed against Mr. McKenna in Workers Compensation Court, such an action is expressly authorized by G.L. 1956 § 28-36-15, and Mr. McKenna is not challenging the constitutionality of that statute in this matter. Mr. Stone, who is representing himself, essentially argues that he should be dismissed from the action because Mr. McKenna's proper avenue lies in the currently pending case before the Workers Compensation Court.
 II Standard of Review
A. Motion to Dismiss
"The `sole function of a motion to dismiss' pursuant to Rule 12(b)(6) is `to test the sufficiency of the complaint.'"McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005) (quotingRhode Island Affiliate, ACLU, Inc. v. Bernasconi,557 A.2d 1232, 1232 (R.I. 1989)). In determining whether to grant a Rule 12(b)(6) motion to dismiss, this Court "assumes the *Page 4 
allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs."Giuliano v. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v. Howard, 784 A.2d 291, 297-98 (R.I. 2001)). Rhode Island courts have traditionally held that "a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim." Siena, M.D. et al. v. MicrosoftCorp., 796 A.2d 461, 463 (R.I. 2002) (citing Bruno v.Criterion Holdings, Inc., 736 A.2d 99, 99 (R.I. 1999)).
B. Motion for Summary Judgment
"When a motion for summary judgment has been filed and properly supported, a litigation death knell begins to toll. Unless the opposing parties . . . can still this doleful dirge by showing the existence of a genuine issue of material fact, all legal clamor will soon subside into a final judgment for the movant and the opponents' case will be pronounced dead in the water." Bourg v. BristolBoat Co., 705 A.2d 969, 970 (R.I. 1998). On a motion for summary judgment, the Court is to determine only whether a factual issue exists. It is not permitted to resolve any such factual issues. The emphasis is on issue finding, not issue determination.O'Connor v. McKanna,116 R.I. 627, 633, 359 A.2d 350, 353 (1976); Palazzo v. Big GSupermarkets, Inc., 110 R.I. 242, 245, 292 A.2d 235, 237 (1972);Slefkin v. Tarkomian, 103 R.I. 495, 496, 238 A.2d 742 (1968). "In ruling on a motion for summary judgment the trial justice must consider affidavits and pleadings in the light most favorable to the opposing party, and only when it appears that no genuine issue of material fact is asserted can summary judgment be ordered." *Page 5 O'Connor v. McKanna,116 R.I. 627, 633-34, 359 A.2d 350, 353-54 (R.I. 1976) (citingMarandola v. Hillcrest Builders, Inc.,102 R.I. 46, 227 A.2d 785 (1967)).
 II Analysis
A. Mr. Stone
Despite the length of Mr. McKenna's complaint, this Court was unable to find an articulable claim against Stone. As mentioned, the complaint indicates that "Stone is being sued to prevent him from obtaining illegal compensation on the basis of unconstitutional summary workers compensation insurance statutes." (Amended Complaint ¶ 16.) However, at no point in the complaint does Mr. McKenna seek any relief from Mr. Stone. Super R. Civ. P. 8(a)(1) indicates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although it is not necessary to "set out the precise legal theory upon which his or her claim is based," the plaintiff must give "the opposing party fair and adequate notice of the type of claim being asserted." Hendrick v. Hendrick,755 A.2d 784, 791 (R.I. 2000) (quoting Bresnick v. Baskin,650 A.2d 915, 916 (R.I. 1994) and Haley v. Town of Lincoln,611 A.2d 845, 848 (R.I. 1992)). For example, in Konar v. PFL LifeIns. Co., our High Court indicated that it "is not willing to overlook [an] overly broad, scatter-shot style of pleading."See 840 A.2d 1115, 1119 (R.I. 2004) (indicating that the complaint did not state a claim for premises liability and "it [was] not clear whether a defendant must defend a general negligence claim, a premises liability claim, or a claim for negligent supervision or hiring"). After review, this Court is unable to discern what claim, if any, Mr. McKenna asserts against Mr. Stone or if Mr. McKenna desires any relief from him. "[T]he complaint must contain the statement showing that the pleader is entitled to relief. A complaint that does not so show is subject to dismissal under *Page 6 
rule 12(b)(6), but unless amendment could avail the plaintiff nothing, the order of dismissal should usually be with leave to amend." Robert B. Kent et al., Rhode Island Civil and AppellateProcedure, § 12:9 (West 2009) (internal quotation and citations omitted). In its current form, Mr. McKenna's overly broad complaint fails to state a claim against Mr. Stone upon which relief may be granted. For that reason, this Court grants Mr. McKenna leave to amend.
B. Director Powell
Due to the principles of comity, this Court lacks jurisdiction to rule on the counts against Director Powell. When "two courts' jurisdictions overlap, principles of comity shall control and the court whose jurisdiction is first invoked should resolve the issues presented to it." Barone v. O'Connell,785 A.2d 534, 535 (R.I. 2001) (quoting Halliwell v. LippittRealty Co., 121 R.I. 927, 927, 394 A.2d 708, 709 (1978)). Furthermore, the Court will dismiss an action "wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Super R. Civ. P. 12(h)(2). Mr. McKenna initially brought suit in the Workers Compensation Court and Supreme Court precedent demonstrates that the Workers Compensation Court has jurisdiction to properly determine the constitutionality of statutes. See eg. Ruggiero v. City ofProvidence, 889 A.2d 691, 697 (R.I. 2005) ("The Appellate Division . . . correctly rejected . . . [plaintiff's] argument that failure to allow her to discontinue her own benefits violates the Rhode Island Constitution"). Thus, because Mr. McKenna first initiated suit in the Workers Compensation Court — a court competent to hear his arguments — the principles of comity control such that this Court lacks jurisdiction over Mr. McKenna's claims.
Ms. Powell, in her capacity as the Director of the Rhode Island Department of Labor and Training, has filed suit in the Workers Compensation Court against Mr. McKenna to enforce the *Page 7 
provisions of G.L. 1956 § 28-36-15[2] and to assess a civil penalty against Mr. McKenna for failure to maintain workers compensation insurance. Notably, Mr. McKenna does not contest the constitutional validity of § 28-36-15, and alleges no facts to support the conclusion that Director Powell acted in any manner unauthorized by the statute. Based on the foregoing, "it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim." Siena,796 A.2d at 463 (citing Bruno, 736 A.2d at 99). Thus, the Court grants Director Powell's motion to dismiss.
For discussion purposes, it is worth briefly commenting on the sufficiency of Mr. McKenna's motion for summary judgment. "In cases that challenge the constitutionality of a statute, the party challenging its validity bears the burden of proving that the statute is unconstitutional." Rhode Island Insurers' InsolvencyFund v. Leviton Mfg. Co., Inc., 716 A.2d 730, 733 (R.I. 1998) (citing Power v. City of Providence,582 A.2d 895, 903 (R.I. 1990)). "[I]n this summary judgment arena, . . . because acts of the Legislature enjoy the presumption of constitutionality, [Mr. McKenna] bear[s] the burden of demonstrating its unconstitutionality *Page 8 
beyond a reasonable doubt." Id. (citing Burrillville RacingAssociation v. State,118 R.I. 154, 157, 372 A.2d 979, 982 (1977)). Even though many of the constitutional arguments raised by the complaint have already been raised in the Workers Compensation Court, this Court notes that Mr. McKenna has failed to demonstrate the unconstitutionality of any Rhode Island statute beyond a reasonable doubt. Therefore, even if it were improper to dismiss the counts against Director Powell and Mr. Stone, the Court would nevertheless deny Mr. McKenna's motion for summary judgment.
 III Conclusion
Based on the foregoing, Mr. McKenna's motion for summary judgment is denied. Mr. Stone's motion to dismiss based upon the lack of a coherent claim against him is reserved. Mr. McKenna is granted leave to amend the complaint within 20 days of the date of this Decision in order to properly state a cause of action against Mr. Stone. Director Powell's motion to dismiss is also granted.
[1] Specifically, G.L. 1956 §§ 28-35-20, 28-35-33,28-35-13, 28-30-4, 8-15-2, and 8-15-4.
[2] In pertinent part, § 28-36-15 provides that:
 "(f)(1) As soon as practicable after the director receives notice of noncompliance under this section, the director shall determine whether cause exists for the imposition of a civil penalty. Unless the director determines that the noncompliance was unintentional or the result of a clerical error and subject to the administrative proceedings under subsection (g) of this section, the director shall commence an action in the workers' compensation court to assess a civil penalty against the employer as set forth in subsection (a) of this section and shall refer the matter to the attorney general for prosecution of criminal charges.
 (2) The director shall bring a civil action in the workers' compensation court to collect all payments and penalties ordered and not paid. All civil actions for any violations of this chapter or of any of the rules or regulations promulgated by the director, or for the collection of payments in accordance with §§ 28-37-13, 28-33-17.3(a)(2) or 28-33-17.3(a)(3) or civil penalties under this chapter, shall be prosecuted by any qualified member of the Rhode Island bar whom the director may designate, in the name of the director, and the director is exempt from giving surety for costs in any proceedings."