DECISION
Before the Court is an appeal filed by Defendant Ignatius Delekta (the Defendant) from a District Court conviction for Refusal to Submit to a Chemical Test in violation of G.L. 1956 § 31-27-2.1(b)(2) (the "refusal statute"). The Defendant raises various challenges to the constitutionality of § 31-27-2.1. Essentially, the current posture appears to be in the nature in a Motion to Dismiss, although no the actual motion has been filed. Both sides, however, have submitted legal memoranda on the Defendant's constitutional challenge to the refusal statute. Jurisdiction is pursuant to G.L. 1956 § 12-22-1.
 I Facts and Procedural History
On February 7, 2007, Defendant was placed under arrest for suspicion of operating a motor vehicle while under the influence a chemical substance in the Town of Bristol, Rhode Island. Shortly thereafter, Defendant allegedly refused to submit to a breathalyzer test at the Bristol Police Station.
It is undisputed that within the past five years of the alleged February 7, 2007 incident, Defendant previously had been charged with failure to submit to a breathalyzer test. With respect to that previous charge, Defendant was found to be in violation of the refusal statute by *Page 2 
the Rhode Island Traffic Tribunal. This violation was a civil offense. When Defendant was charged with the second refusal, he was charged with a misdemeanor in violation of § 31-27-2.1(b)(2).
Thereafter, Defendant was tried and found guilty in the District Court of the misdemeanor charge. He timely appealed the conviction to this Court seeking a trial de novo pursuant to § 12-22-1.[1] The Defendant now challenges the constitutionality of the refusal statute on various grounds as they pertain to the charges related to second offense refusal.
 II Standard of Review
When considering a constitutional challenge to a statute, the Court must "begin with a presumption that a legislative enactment is constitutional." State v. Russell,890 A.2d 453, 458 (R.I. 2006) (citing State ex rel. Town ofWesterly v. Bradley, 877 A.2d 601, 605 (R.I. 2005));see also Gem Plumbing Heating Co.,Inc. v. Rossi, 867 A.2d 796, 808 (R.I. 2005) ("In reviewing the constitutionality of statutes, `[t]he Legislature is presumed to have acted within its constitutional power.'") (quotingBurrillville Racing Association v. State,118 R.I. 154, 157, 372 A.2d 979, 982 (1977)). Accordingly, the "[C]ourt will attach every reasonable intendment in favor of . . . constitutionality in order to preserve the statute."Russell, 890 A.2d at 458 (internal quotations omitted). Moreover, "[t]he party contesting the statute's constitutionality has the *Page 3 
burden of proving beyond a reasonable doubt that the challenged enactment is unconstitutional." Id.
However, the Court should not determine "constitutional issues unless it is absolutely necessary to do so." In re Brown,903 A.2d 147, 151 (R.I. 2006) (citing State of Rhode Island v.Lead Industries Association, Inc.,898 A.2d 1234, 1238 (R.I. 2006) (observing "the deeply rooted commitment not to pass on questions of constitutionality unless adjudication of the constitutional issue is necessary") (internal quotations omitted). Indeed, the United States Supreme Court also recognizes a "duty to avoid deciding constitutional questions presented unless essential to proper disposition of a case. . . ." Harmon v. Brucker, 355 U.S. 579, 581 (1958).
 III Analysis
The Defendant asserts that § 31-27-2.1(b) is unconstitutional as applied. Specifically, he maintains that it violates the Sixth andFourteenth Amendments of the United States Constitution, as well as Article I, section 10 of the Rhode Island Constitution, because it permits conviction and punishment for a criminal offense predicated upon a prior civil adjudication (first offense refusal). Next, Defendant avers that § 31-27-2.1(b)(2) unconstitutionally violates his right to be free from unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment to the United States Constitution and Article I, section 6 of the Rhode Island Constitution. Finally, he contends that the statute is violative of the Fifth Amendment of the United States Constitution and Article I, section 13 of the Rhode Island Constitution because the invocation of one's right to remain silent and to not give self-incriminating evidence subjects the individual to criminal penalties *Page 4 
In the instant matter, "the defendant overlooks the simple fact that he may well be acquitted in the proceedings below either by a jury following trial or by a trial judge following a motion for [judgment of] acquittal. . . ." State v. Bassford,440 A.2d 1059, 1062 (Me. 1982). Accordingly, in light of the fact that the defendant could be acquitted, thus rendering moot his constitutional challenges to the refusal statute, coupled with the Court's duty to avoid deciding constitutional issues where possible, the Court denies Defendant's Motion to Dismiss without prejudice. The matter will be set down for trial forthwith.
[1] Section 12-22-1 provides:
 "Every person aggrieved by the sentence of the district court for any offense other than a violation may, within five (5) days after the sentence, appeal from the district court to the superior court for the county in which the division of the district court is situated, by claiming an appeal in the court or in the office of the clerk of the court appealed from or at any of the penal institutions of the state, before any justice of the supreme or superior court, or before a justice or clerk of the court appealed from, or before any of the persons authorized to take bail at the penal institutions."