Frank CIRELLI

v.

Edward J. DEIGNAN, Jr.

No. 94–646–A.

Supreme Court of Rhode Island.

Nov. 16, 1995.

David Schechter, Providence.

Mark Dolan, Providence.

### ORDER

This matter came before the Supreme Court on November 7, 1995, pursuant to an order directing the plaintiff to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Frank Cirelli, appeals from the denial of his motion to vacate final judgment for the defendant, Edward J. Deignan, Jr. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

On June 16, 1992 plaintiff filed a medical malpractice action against defendant, a dentist, seeking damages because of defendant's negligent treatment of him in August of 1989. The defendant answered the complaint and propounded interrogatories and requested the production of documents. In August of 1992, defendant filed motions to compel plaintiff to answer the interrogatories and produce the documents.

In September of 1992, an order was entered requiring the plaintiff to respond to the discovery requests within forty-five days. On November 5, 1992 the defendant filed a motion to dismiss the plaintiff's complaint because plaintiff had not complied with the September 10 court order. On November 19, an order was entered granting the defendant's motion to dismiss unless the plaintiff answered the interrogatories and responded to the request for production within forty-five days.

On January 8, 1993 the defendant filed a motion for entry of judgment because plaintiff failed to comply with the November 19 court order. The hearing on the motion was continued due to the death of the plaintiff's-attorney's father. On March 9, 1993 the trial justice granted the defendant's motion for entry of judgment unless the plaintiff complied with the discovery on or before March 14, 1993. On March 22, 1993 the defendant filed a motion for entry of final judgment

because the plaintiff failed to comply with the March 9 order.

On April 15, 1993 the trial justice entered an order indicating the parties had agreed to a further continuance. The order did not state a time limit but the parties agreed that it was to be a thirty-day order. On May 17, 1993 the defendant filed a motion for entry of judgment because plaintiff had failed to comply with the April 15 court order. On May 27 a hearing on this motion was held before the trial justice and defendant's motion for entry of judgment was granted. After the hearing, but before the order was entered, plaintiff filed an objection claiming that the proposed order was not in conformance with other orders previously entered in this matter.

On June 17, the trial justice entered an order stating "no objection was interposed" to defendant's motion for entry of final judgment. The trial justice therefore, unconditionally entered judgment for the defendant.

Eleven months and one week after the June 17 order was entered, the plaintiff filed a motion to vacate it. Following a hearing on the matter, the trial justice concluded, incorrectly, that plaintiff's motion to vacate was not timely filed. The trial justice also noted that the plaintiff did not advance any grounds for setting aside the order, but merely objected to its form in July of 1993. The trial justice rejected plaintiff's attorney's explanation for the delay in filing the motion to vacate.

None of the issues raised by the plaintiff on appeal have merit. The issue before the court is whether the trial justice erred in denying the plaintiff's motion to vacate the judgment. We have previously held that undue delay in raising a motion for relief from judgment may bar relief even if a motion is made before the one-year period has expired. *Waldeck v. Domenic Lombardi Realty, Inc.*, 425 A.2d 81, 83 (R.I.1981). The trial justice correctly found that the plaintiff's attorney failed to establish that the delay resulted from excusable neglect. The plaintiff has failed to show that there was any abuse of discretion.

For these reasons the plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.