**338 A.2d 519.**

Margaret Murphy *et al. vs.* Fred R. Bocchio *et al.*

MAY 27, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. At the request of the defendants in each of the above cases we have issued writs of certiorari to review the vacating of certain judgments that were entered against the plaintiffs in the Superior Court during April 1972. We have consolidated the writs for hearing purposes.

The record indicates that the litigants were involved in a series of rear end motor vehicle collisions that occurred in Warwick on May 4, 1969. The plaintiffs are Margaret Murphy, her husband Cornelius, and her sister, Anna Broadbent. The trio were riding in an automobile which was owned by the husband but which was being driven by his spouse. The Murphy vehicle was struck in the rear by an automobile that was owned and operated by defendant Fred R. Bocchio, seconds later the other defendant Everett M. Chase struck the Bocchio vehicle in the rear.

Almost 2 years after the incident, the Murphys and Broadbent instituted suit. Thereafter, each defendant filed an answer and a request for replies to detailed interrogatories which were submitted to each plaintiff. The requests for replies to the interrogatories fell on deaf ears, so Chase and Bocchio filed several motions to compel plaintiffs to supply the necessary information. On September 23, 1971, an order was entered directing plaintiffs to file answers to the interrogatories posed by Bocchio within the next 30 days. Nothing happened, so on October 29, 1971, Bocchio filed a motion to dismiss plaintiffs' suit because of their failure to file the replies. On November 11, 1971, an order was entered dismissing plaintiffs' suit

unless they furnished the answers to Bocchio within the next 30 days. No responses were forthcoming, and Bocchio filed a series of motions seeking an entry of judgment because of plaintiffs' failure to comply with the November 11, 1971 order. On March 15, 1972, another order was entered calling for an entry of judgment on April 16, 1972, in favor of Bocchio unless plaintiffs complied with the November 11, 1971 order on or before April 15, 1972. On May 1, 1972, a judgment was entered in favor of Bocchio.

During the time this suit was pending in the Superior Court, two separate orders were entered calling for the entry of judgment for Chase unless the requisite information was supplied. One order called for plaintiffs to file their replies within 30 days from November 10, 1971. The second conditional order was entered on March 29, 1972, and ordered judgment to enter on April 30, 1972.

These various orders evoked no immediate response from plaintiffs. However, on March 26, 1973, they filed a motion to vacate the "April 16 and April 30, 1972" judgments. The plaintiffs relied on the provisions of Super. R. Civ. P. 60(b) and asserted that the judgments should be vacated "because of mistake, inadvertence or excusable neglect." This motion came before a justice of the Superior Court, and on April 9, 1973, an order was entered denying the motion without prejudice.

Some 3 weeks later, on April 30, 1973, plaintiffs filed a second motion to vacate the same judgments. The second motion to vacate was subsequently heard by another justice of the Superior Court who paid no heed to allegations set forth both in the motion and in an affidavit executed by plaintiffs' attorney. Rather, the trial justice, in granting the motion, remarked that he took such a course of action because "* * * it is a grave responsibility to throw a person out of court before he has a chance to have a hearing on the merits." An order granting plain-

tiffs' motion was entered on June 5, 1973. It directed plaintiffs to file their replies to the unanswered interrogatories within a week. The husband's and wife's replies were filed. To this date, no reply has ever been filed for Broadbent.

Our issuance of certiorari was limited to the question of whether the trial justice on May 10, 1974 had the jurisdiction, because of the time period involved, to vacate the orders previously entered in the cause and give plaintiffs still another opportunity to supply the information sought by defendants. We will not pass upon the question of whether plaintiffs have presented evidence of "mistake," "inadvertence," or "excusable neglect."

A close examination of the first portion of Super. R. Civ. P. 60(b) discloses that it is applicable only in instances where relief is sought from a final judgment, order, or proceeding. Thus a trial justice still retains the inherent power to modify any interlocutory judgment or order prior to final judgment. *See* 11 Wright & Miller, *Federal Practice & Procedure* §2852 at 145 (1973); 7 Moore, *Federal Practice* ¶60.20 at 242 (2d ed. 1974).

In seeking to determine just what constitutes a final judgment or order, we shall first allude to *Coen* v. *Corr*, 90 R. I. 185, 156 A.2d 406 (1959), where this court defined a "final decree" as one which terminates the litigation of the parties on the merits of the case so that if a decree is affirmed on appeal, there is nothing to do but execute it. A decree, we stated, cannot be described as being final when a person in whose favor the decree runs must return to court for further assistance.

The Supreme Court in *Jung* v. *K. & D. Mining Co.*, 356 U. S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958), spoke about the finality of orders. In considering the appealability of an order granting a defendant's motion for dismissal with

leave to the plaintiff to file an amended complaint within a 20-day period, ruled that such an order was not final and consequently was not appealable. What was required the Court said was a second order containing an "absolute dismissal" of the suit which should have been entered once the period for filing the amended complaint had expired. The plaintiff's appeal had been filed almost 2 years after the entry of the conditional dismissal order, and the defendant sought a dismissal of the appeal on the grounds that the appeal had not been timely filed. In speaking of the delay, the Court remarked that on balance the undesirability of useless delays in litigation would be far outweighed by the confusion and misunderstanding that could arise when there is uncertainty as to when an appeal period begins to run.

The finality contemplated by Rule 60(b) envisions an order that definitely terminates the litigation and leaves nothing more for the court to decide. If it appears from the order that something remains to be done before the rights of the litigants are fixed, the requisite finality to which the rule refers has not been reached. *See Richards v. Dunne,* 325 F.2d 155 (1st Cir. 1963).

Having established a benchmark by which we may measure finality, we will examine the record.

Initially, we would note that while plaintiffs' motion speaks of vacating the "April 16 and April 30, 1972" judgments, the record indicates that any order entered on behalf of Bocchio and containing a reference to an April 16 date was actually entered on March 15, 1972. April 16 was the deadline for compliance with the order. So, too, with the last order entered in behalf of Chase. The order did contain a date of April 30 but the order was entered on March 29, 1972 and called for compliance by plaintiffs on or before April 30.

It is clear that the Chase order of March 29 is an interlocutory rather than a final order. It specifies that if the replies are not made by April 30, judgment will be entered. The motion is not self-executing. Someone had to make up a post-April 30 judgment and have it entered. Since the March 29 order does not fall within the definition of a final judgment or order, its setting aside by the trial justice was not sanctioned by Rule 60(b). However, the validity of the Superior Court action in the Chase case can be justified on the basis that its entry represents an exercise by the trial justice of his inherent power to modify previously outstanding interlocutory orders. Since plaintiff husband and wife have supplied the requisite responses, there is nothing further to be done in this regard. The wife's sister, however, has yet to be heard from. Chase can resolve the question of her silence once this case is remanded to the trial level.

The same lackadaisical attitude which plaintiffs have displayed throughout this litigation manifests itself again when one looks at the Bocchio phase of this litigation. The so-called "April 16 judgment" was actually a conditional order which was entered on March 15, 1972. What is more important a final judgment followed the conditional order of March 15. It was entered on May 1, 1972. With the entry of the final judgment, the March 15 conditional order was no longer outstanding. We will, however, in the interest of accuracy consider the motion filed by plaintiffs on April 30, 1973 as a motion to vacate the final judgment of May 1, 1972. This motion is therefore governed by Rule 60(b), the May 1 judgment being final.

The plaintiffs claim that since their motion was filed just prior to the expiration of the one-year period referred to in Rule 60(b), the trial justice had jurisdiction to grant their motion. The plaintiffs had better take a closer look at the rule. Actually, the rule in pertinent part provides

that a motion seeking relief from a final judgment or order on the grounds of mistake, inadvertence, surprise or excusable neglect "shall be made within a reasonable time, and not more than one year" after the judgment or order was taken. It is clear then that such a motion must be made within a reasonable time and the one-year period represents the extreme limit of reasonableness. A motion can be rejected as untimely if not made within a reasonable time even though the one-year period has not expired. 7 Moore, *Federal Practice* ¶60.28[2] at 397 (2d ed. 1974); 11 Wright & Miller, *Federal Practice & Procedure* §2866 at 232 (1973). What is a reasonable time is dependent on the facts and circumstances of each case.

We are not dealing with a default judgment that has been entered against an individual who, with the sands of time running out, learns of its entry and then seeks the assistance of Rule 60(b). Here the record is replete with motions, conditional orders that were ignored, and an assurance that the replies would be produced. Copies of the orders were sent to the plaintiffs' counsel and nothing happened. The fact that even at this late stage of the proceedings replies have not been forwarded by one of the plaintiffs is just one more example of the indifferent behavior of the plaintiffs. The complete and utter disregard of the many orders which gave the plaintiffs second and third bites at the apple is completely at odds with the philosophical basis of the rules of civil procedure, *i.e.*, the securing of a "just, speedy, and inexpensive determination of every action"—emphasis here is on the word "speedy." We have no hesitancy whatever in ruling that the trial justice erred in vacating the plaintiffs' suit against Bocchio because we believe in the circumstances of this case that the procrastinating plaintiffs were unreasonably dilatory in waiting until almost the last minute before

seeking to vacate the "April 16" order or the May 1, 1972 judgment.

Accordingly, the petition of Fred R. Bocchio for certiorari is granted, the judgment entered in the Superior Court on June 5, 1973 insofar as it vacates either the "April 16" order or the final judgment of May 1, 1972 is quashed; the petition of Everett M. Chase for certiorari is denied; the writ heretofore issued is quashed, and the records certified to us are ordered returned to the Superior Court with our decision endorsed thereon.

*Anthony S. Del Giudice,* for plaintiffs.

*Keenan, Rice, Dolan, Reardon & Kiernan, Roderick A. J. Cavanagh,* for defendant Fred R. Bocchio; *Lynch, Walsh & Cobleigh, Michael A. Higgins,* for defendant Everett M. Chase.