Andrew M. Cagen, Providence, for petitioner.

Everett A. Petronio, Thomas M. Petronio, Cranston, for respondent.

## Delmar WALDECK

v.

## DOMENIC LOMBARDI REALTY, INC.

### No. 79–15–Appeal.

Supreme Court of Rhode Island.

Jan. 30, 1981.

## OPINION

MURRAY, Justice.

This is a petition pursuant to G.L. 1956 (1969 Reenactment) § 34–28–10 to enforce a mechanic's lien. The respondent, Domenic Lombardi Realty, Inc. (Lombardi), is before us on an appeal from an order of a Superior Court justice denying a motion, pursuant to Rule 60(b)(1) of the Superior Court Rules of Civil Procedure,[1] to vacate a judgment

---

1. Pertinent provisions of Rule 60(b)(1) of the Superior Court Rules of Civil Procedure provide:

   "On motion * * * the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *. The motion shall be made within a reasonable time, and not more than one year after the judgment, order or pro-

granting the petition to enforce a lien on property owned by it.

The facts in this case are simple and are not in controversy. For an understanding of the posture of the case before us, however, the facts giving rise to the litigation and ensuing travel of the case will be discussed in some detail.

The petition filed in the Superior Court on February 15, 1977 alleges that on December 15, 1976, Delmar Waldeck (Waldeck) performed interior-painting work on property owned by respondent and located at 35 Brookside Avenue in the town of West Warwick. The petition recites the preliminary steps taken to perfect the lien, describes the land and the improvements upon which it is claimed, and further alleges that respondent owes petitioner the sum of $600 as a result of work performed. Waldeck claimed a lien in that amount and requested that the lien be enforced against the property. The record discloses that on March 30, 1977, a hearing was held before a justice of the Superior Court who granted the petition to enforce the lien and a judgment to that effect was entered on April 6, 1977.

On April 27, 1977, the respondent filed a motion, pursuant to Super.R.Civ.P. 60(b)(1), to vacate that judgment, alleging that the judgment had been obtained through "mistake, inadvertence and excusable neglect" and stating further that "it [had] a meritorious defense" to the petition. In support of its motion respondent filed an affidavit by Domenic Lombardi, Sr., the president of the respondent company. The affidavit set forth what it claimed to be various defenses to the petition. Lombardi later filed a supplemental affidavit in which he stated:

"I received a citation on [sic] this matter, but I turned the same over to my son, Domenic Lombardi, Jr. with the instructions to take the citation to my attorney.

"[T]his evidently was not done since my attorney never received the court citation, and therefore a judgment was entered against my corporation without my knowledge."

The petitioner filed a timely objection to the motion to vacate. The record indicates that a hearing on the motion to vacate was heard on September 19, 1977, before the same justice who granted the original petition to enforce the lien, but apparently petitioner did not appear. The respondent's motion was granted and an appropriate order was entered on September 23, 1977.

The next entry found in the record is a stipulation entered into by the parties on October 19, 1977, which in pertinent part provided:

"that the order to vacate judgment in this matter be considered of no effect; and that the judgment shall remain in effect for the reason that the Plaintiff was never adequately and properly informed of the hearing date for the motion to vacate judgment * * *."

The stipulation, signed by the attorneys for both parties but not approved by the court, was not filed in court until August 11, 1978.[2]

On August 16, 1978, respondent filed another motion to vacate the April 6, 1977 judgment, alleging the identical grounds as those in its earlier motion to vacate. The docket entries in the record indicate that the motion was heard on September 18, 1978, before the same justice who granted the initial motion to vacate. Though neither party has made a transcript of the September 18 hearing a part of the record before us, it is assumed that the trial justice denied the motion on the basis that he found no "mistake, inadvertence or excusable neglect." It is from that order denying the motion to vacate the judgment that the

ceeding was entered or taken. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."

2. For the purpose of this appeal we need not consider what effect, if any, this stipulation had in negating the prior order of the court granting the respondent's motion to vacate the judgment, in view of the fact that it was not approved and properly entered as an order of the court.

respondent is prosecuting the present appeal.

The sole issue the parties have briefed and argued before us is whether the trial justice abused his discretion in denying respondent's motion to vacate the April 6, 1977 judgment. Following oral arguments and submission of this case, however, we carefully examined the record and have discovered a threshold jurisdictional problem arising from the trial justice's consideration of respondent's Rule 60(b) motion. The resolution of this problem is dispositive of this appeal.

The record indicates that the judgment granting the enforcement of the lien upon respondent's property was entered on April 6, 1977, and that respondent's second motion to vacate that judgment was filed on August 16, 1978, more than sixteen months later.

Our Rule 60(b) is substantially the same as its federal counterpart, Fed.R.Civ.P. 60(b).[3] In construing our Rule 60(b), we can, therefore, follow our usual practice and look for guidance to decisions of the federal courts, upon whose rules those of the Superior Court are closely patterned. *Nocera v. Lembo*, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973); *Giarrusso v. Corrigan*, 108 R.I. 471, 472, 276 A.2d 750, 750 (1971). As we noted on previous occasions, a Rule 60(b) motion is one of two routes by which a party can proceed to obtain relief from a judgment. The alternative is to institute an independent action which is not bound by a strict time limitation. *Paul v. Fortier*, 117 R.I. 284, 289, 366 A.2d 550, 553 (1976). Rule 60(b)(1) expressly provides that a motion to vacate a judgment obtained through "mistake, inadvertence, surprise or excusable neglect * * * shall be made within a reasonable time, and not more than one year after the judgment, order or proceeding was entered or taken."

In *Murphy v. Bocchio*, 114 R.I. 679, 338 A.2d 519 (1975), we said that this one-year period represents the extreme limit of reasonableness. Thus, undue delay may bar relief, even if the motion is made before the one-year period has expired. *Id.* at 685, 338 A.2d at 523–24 (citing 7 Moore, *Federal Practice* ¶ 60.28[2] at 397 (2d ed. 1974); 11 Wright & Miller, *Federal Practice and Procedure* § 2866 at 232 (1973)); *Woods v. Severson*, 9 F.R.D. 84, 85–86 (D.C.Neb. 1948). This time limitation of one year in which to make a motion under this rule is absolute and cannot be extended. *See* Super.R.Civ.P. 60(b); 1 Kent, *R.I.Civ.Prac.* § 60.9 at 456–57 (1969); Super.R.Civ.P. 6(b); 1 Kent, *R.I.Civ.Prac.* § 6.5 at 69–70. *See also* 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2866 at 233–34 (1973). Thus, a trial justice is without power to grant relief under Rule 60(b)(1) after the one year has expired from the time the judgment was entered. *See Radack v. Norwegian American Line Agency, Inc.*, 318 F.2d 538, 543 n.5 (2nd Cir. 1963).[4]

Without the benefit of a transcript of the September 18, 1978 hearing, we are

---

**3.** Rule 60(b) of the Federal Rules of Civil Procedure in pertinent part provides:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, * * * or to set aside a judgment for fraud upon the court."

**4.** Some federal courts, however, have stated that an independent action for relief from a judgment may be treated as a Rule 60(b) motion, and conversely, a Rule 60(b) motion may be treated as the institution of an independent action, *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 n.7 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970), as long as the adverse party is not prejudiced. *See e. g., Johnson Waste Materials v. Marshall*, 611 F.2d 593, 601 (5th Cir. 1980).

unable to determine precisely upon what grounds the trial justice based his denial of the motion. In any event, the respondent's second motion to vacate was filed more than sixteen months after the entry of judgment and was therefore time-barred under Rule 60(b)(1). In view of this determination, we need not further address ourselves to the question of the correctness of the trial justice's denial of the respondent's motion.

The respondent's appeal is denied and dismissed, the order denying the motion to vacate is affirmed, and the case is remanded to the Superior Court.