Alexander R. THOMPSON

v.

Virginia W.P. THOMPSON.

No. 87–184–M.P.

Supreme Court of Rhode Island.

March 7, 1989.

David Yavner, Thomas W. Pearlman, Pearlman, Vogel & Violet, Providence, for plaintiff.

Francis A. Gaschen, Steven P. Connors, Gaschen Law Associates, Pawtucket, for defendant.

## OPINION

FAY, Chief Justice.

After voluminous pretrial proceedings, including one sojourn before this court, these litigants return on the defendant's petition for certiorari. In granting certiorari this court will address the issue of whether the trial justice had jurisdiction to vacate a conditional order of dismissal more than four years after it was entered. The facts of this case insofar as pertinent to our review are as follows.

The plaintiff, Alexander R. Thompson, administrator c.t.a. and beneficiary under the will of the late Edward R. Thompson, brought suit against defendant, Virginia W.P. Thompson, on March 7, 1978. The plaintiff contended that defendant had violated her contractual duties regarding the

will of her late husband. The plaintiff sought a declaratory judgment regarding the rights of the respective parties, injunctive relief, an accounting, and specific performance of the agreement. He further requested the imposition of a constructive or resulting trust for the benefit of himself and his siblings. Following the filing of suit, the parties engaged in pretrial discovery, including the submission of interrogatories by defendant on March 16, 1978, and September 14, 1979.

Subsequently defendant filed motions to dismiss based on Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and on plaintiff's noncompliance with defendant's repeated request for answers to interrogatories. At a hearing on November 10, 1982, the motion justice granted defendant's Rule 12(b)(6) motion and motion to dismiss for failure to answer interrogatories. The justice, however, made allowance for the latter ruling to be removed if plaintiff filed the requested answers on or before December 27, 1982. On December 1, 1982, plaintiff appealed to this court that part of the order granting defendant's Rule 12(b)(6) motion. In an opinion issued July 10, 1985, we sustained plaintiff's appeal, vacated the judgment, and remanded the case to the Superior Court. *See Thompson v. Thompson*, 495 A.2d 678 (R.I.1985).

Following our decision, plaintiff had the case assigned to the trial calendar. The case, however, was removed from the trial calendar on September 18, 1986, at defendant's request. The defendant then filed a motion to enter judgment and memorandum in support thereof, based upon plaintiff's failure to answer the interrogatories. Apparently defendant failed to initiate any court action on the motion to enter judgment, and resultingly, the motion remained dormant.

While defendant's latent motion remained outstanding, plaintiff sought to file his answers to defendant's interrogatories out of time and to vacate the conditional order of dismissal. He based his argument for vacating the conditional order on the standards outlined in Rule 60(b). In a March 3, 1987 amended order the motion

justice vacated the conditional order of dismissal and permitted plaintiff to file his answers to interrogatories out of time. After granting defendant's motion for a rehearing, the motion justice affirmed his earlier decision in a March 26, 1987 order.

Fearing that the removal of the conditional order would result in a reversal of an eventual trial judgment, defendant petitioned this court for a writ of certiorari in May 1987. These parties are before us following a July 1987 grant of certiorari and stay pendente lite.

■ The threshold issue for us to address is whether a conditional order is self-executing. The defendant maintains that the conditional order became final when plaintiff failed to comply with the November 10, 1982 order by December 27, 1982. We find that the conditional order is not self-executing and is not a final order until judgment is entered pursuant to Rule 58.

We find *Murphy v. Bocchio*, 114 R.I. 679, 338 A.2d 519 (1975), controlling of this issue. Here, as in *Murphy*, we are confronted with a conditional order granted pursuant to the authority of Rule 37. While holding that such an order was interlocutory and not self-executing, this court in *Murphy* stated that "[i]f it appears from the order that something remains to be done before the rights of the litigants are fixed, the requisite finality to which [Rule 60(b)] refers has not been reached." 114 R.I. at 683, 338 A.2d at 523 (citing *Richards v. Dunne*, 325 F.2d 155 (1st Cir.1963)). In addition the Supreme Court's holding in *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958), is persuasive. In *Jung* the Court determined that an order granting a defendant's motion for dismissal with leave to the plaintiff to file an amended complaint within twenty days was not a final order. The Court stated that a second order containing an "absolute dismissal" was necessary to conclude the suit after the twenty-day period had expired. *Id.* at 337, 78 S.Ct. at 766, 2 L.Ed.2d at 808.

In the instant case defendant had the opportunity to conclude this litigation successfully when the last date for compliance

with the conditional order, December 27, 1982, passed. Had she followed the dictates of Rule 58 and filed a final order, there would be no extant controversy. The defendant's failure to file this order, however, on or after December 27, 1982, prevented the conditional order from ripening into a final judgment. Therefore, we hold that a conditional order that lacks the indicia of finality exhibited by entry with the clerk's office is not self-executing and hence not a final judgment.

■ The next focus of our review is the motion justice's decision to grant and later affirm plaintiff's motions to remove the conditional order and file answers to interrogatories out of time. Although plaintiff failed to answer the interrogatories until seven years after their submission and almost four years after the conditional order was granted, the favorable rulings on plaintiff's motions allowed the litigation to proceed.

We note at the outset of our review of the justice's grant of plaintiff's motions that there is an undeniable backlog facing our Superior Court. Because of the increase in pending cases, the expeditious administration of justice has become a top priority. Therefore, it is incumbent upon our judiciary to use the means at their disposal to ferret out those who seek to manipulate the system. Individuals who repeatedly disregard the rules of procedure inhibit the smooth functioning of this system and should be penalized accordingly.

We have before us a case of extreme circumstances. When presented with such egregious facts, we cannot conceive of a justification sufficient to exculpate the nonfeasant party. It is our opinion that time, in and of itself, supplies the justification for ending this protracted litigation. Therefore, we hold that the motion justice's removal of the conditional order of dismissal and his further affirmance of the same constituted an abuse of discretion.

For the reasons stated, the petition for certiorari is granted, the judgment of the trial court is quashed, and the papers in this case are remanded to the Superior Court with a direction to enter judgment dismissing the plaintiff's complaint with prejudice for failure to answer the defendant's interrogatories.