Cheri TIERNEY

v.

William L. CONLEY, Jr.

No. 90–420–Appeal.

Supreme Court of Rhode Island.

May 8, 1991.

Joel D. Landry, Landry & Connors, Providence, for plaintiff.

William J. McGair, Providence, for defendant.

## OPINION

PER CURIAM.

On April 16, 1991, the defendant, William L. Conley, Jr. (Conley), through his counsel, appeared before a panel of this court to show cause why his appeal from a Superior Court order denying Conley's motion to vacate judgment in the amount of $20,-344.94 plus interest should not be summarily denied and dismissed.

The record indicates that in mid-December 1987 the plaintiff, Cheri Tierney (Tierney), commenced an action in the Superior Court against Conley for nonpayment of $17,554.82 plus interest and costs pursuant to the terms of a promissory note executed by Conley. Service of process was made upon Conley on February 6, 1988, by certified mail. Later in February he filed a handwritten answer with the Sixth Division District Court instead of with the Superior Court. He sent a copy of the answer to plaintiff's attorney, who thereafter notified Conley that he had filed his answer in the wrong tribunal. The plaintiff's attorney further informed Conley that Tierney was about to file a motion for default judgment against him unless Conley filed an answer within seven days.

In early May 1988 Conley sent a letter to Tierney's attorney, requesting the attorney to mail him a copy of the complaint and also requesting the attorney not to proceed with the motion for default. Conley failed to file an answer in the Superior Court. Consequently, on June 6, 1988, a default judgment was entered against Conley. Approximately three months later Tierney filed a motion for entry of judgment supported by an affidavit. On the same day Tierney sent a copy of the motion by regular mail, postage prepaid, to Conley. On September 27, 1988, a Superior Court justice entered judgment for Tierney in the amount of $20,344.94 plus interest. In due course a copy of the judgment was sent to Conley.

Later, in May 1989, Conley, through his attorney, filed a motion that sought to set aside the judgment entered in late September 1988. The motion was subsequently heard and denied by a Superior Court justice.

On appeal Conley argues that because of mistake, inadvertence, or excusable neglect, he had sent his answer to the Sixth Division District Court instead of to the Superior Court and therefore asked that the default and the judgment be set aside.

Rule 60(b) of the Superior Court Rules of Civil Procedure, in its pertinent parts, provides that upon motion, the Superior Court may relieve a party of final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Such motion, however, is to "be made within a reasonable time, and not more than one year after the judgment, order, or proceeding was entered or taken." Super.R.Civ.P. 60(b).

In *Murphy v. Bocchio*, 114 R.I. 679, 685, 338 A.2d 519, 523–24 (1975), this court emphasized that a Rule 60(b) "motion must be made within a reasonable time and the one-year period represents the extreme limit of reasonableness. A motion can be rejected as untimely if not made within a reasonable time even though the one-year period has not expired. * * * What is a reasonable time is dependent on the facts and circumstances of each case." Consequently, if the facts suggest undue delay, a court may bar relief even though the motion is made before the one-year period has expired. Here the trial justice ruled that although Conley had filed the motion within a year after the entry of judgment, that motion was not made within a reasonable time under the rule in *Murphy* because Conley did not actually appear before the court in his efforts to set aside the default until a year after the filing of the motion.

When Conley was notified of his mistake in filing in the wrong court, his only attempt to cure this mistake was to write a

letter to Tierney's counsel asking that he be furnished a copy of the complaint and the case number. At no time did he ever file an answer in the Superior Court, nor did he respond to Tierney's motion for entry of judgment.

Accordingly the court is of the belief that since Conley has failed to show cause, his appeal is summarily denied and dismissed.

WEISBERGER and SHEA, JJ., did not participate.