DECISION
The plaintiffs have requested that this Court reconsider[1] its April 11, 2001 decision (familiarity with which is assumed) dismissing their complaint on prudential grounds in favor of first giving the Family Court the opportunity to consider this matter. Plaintiffs argue that this Court's earlier decision "does not address the claim for breach of contract between Emily Rose and Jane Rose (Shaw) and the claim of fraud in the execution and breach of that contract" and request that the Court deny the defendant's motion to dismiss as to these counts. Defendants counter by asserting that the Court did address these counts when it concluded that "principles of comity and practicality indicate that the Family Court, from whence this dispute ultimately originated and where related litigation is apparently still ongoing, is better situated, as an initial matter, to provide the ultimate relief sought here," Rose v. Shaw, C.A. No. PC2000-2489, at 4 (April 11, 2000).
As the Court previously noted, "it is clear that the Superior Court . . . has the power to adjudicate properly stated claims of the type alleged by plaintiffs," id. at 3. However, and even though the breach-of-contract and fraud claims stand on slightly different footing than the fraud-on-the-Family-Court claim, the prudential considerations applicable to the latter apply just as well to the former. Moreover, so far as the Family Court's jurisdiction is concerned, even if Jeffrey V. Rose, who while not a party to this suit is apparently a signatory to the contract, is not an indispensable party, his status as signatory to an agreement purporting to affect his future child-support obligations would appear to confer jurisdiction on the Family Court to consider the alleged contractual breach and related fraud. And even if the Family Court were to determine that it did not have jurisdiction over these claims, the disposition of the fraud-on-the Family-Court claim may very well significantly impact the breach of contract and fraud claims. That is, if plaintiff were to prevail on that claim, the remedy may to a large extent satisfy these other claims.
Moreover, the Family Court Order placing the marital domicile in trust still remains outstanding-albeit apparently as-yet unsatisfied. To find there has been a breach of contract here, a fact finder would have to disregard the Family Court order and implicitly determine that the marital domicile was properly available as partial consideration for the parties' dealings. But that, the Court finds, would place the fact finder in the position of effectively rendering nugatory to some extent the Family Court order, contrary to our Supreme Court's admonition in Frazier v. Frazier, 472 A.2d 1227, 1230 (R.I. 1984) that "the rule of comity would render unseemly a judgment by one court of coordinate jurisdiction to annul or render nugatory a decree of another court in the course of granting relief to one of the parties litigant." As such, the Court abides by its earlier determination that this action ought first be considered in its totality by the Family Court.
Counsel shall prepare an appropriate judgment, in accordance with this decision as well as this
Court's April 11, 2001 decision, for entry.
[1] Because no final judgment has yet been docketed, this motion is proper given "a trial justice['s] . . . inherent power to modify any interlocutory judgment or order prior to final judgment," Murphy v. Bocchio, 114 R.I. 679, 338 A.2d 519 (1975). Of course, Rule 60(b) is inapplicable because it applies only to final judgments.