DECISION ON MOTION FOR RECONSIDERATION OF PREJUDGMENT INTEREST AND ORDER 
Before this Court, again, is the motion of Plaintiff Gooding Realty Corporation (GRC) to reconsider this Court's December 17, 2001 and March 12, 2002 Decisions, which, among other things, required GRC to deposit a sum of money, representing the return of holdover rent initially paid by the Defendant Bristol Bay CVS (CVS), into the Registry of Court with prejudgment interest. GRC argues that the return of holdover rent is not "a decision made for pecuniary damages, " and thus, is not subject to the imposition of interest mandated in R.I. Gen. Laws § 9-21-10. CVS objects to GRC's motion.
Briefly, this case is before this Court following a limited remand from the Supreme Court, during the pendency of an appeal, in order for this Court to rule on certain post-trial motions. On December 17, 2001, pursuant to this limited remand, this Court awarded CVS attorney's fees and costs, and further ordered GRC to deposit holdover rent previously paid by CVS into the Registry of Court with the statutory 12% interest. On January 22, 2002, this Court granted GRC's previous Motion to Reconsider the Award of Attorneys Fees. Specifically, this Court held that, as this Court did not rule on a pending motion to present expert testimony made by GRC, GRC was never afforded a reasonable opportunity to preserve the record relating to the establishment of a reasonable rate of attorney's fees. On March 12, 2002 this Court issued an Amended Decision, stating:
 "The reasoning and analysis of this Amended Decision is intended to supersede the attorney's fees discussion in the December 17, 2001 Decision, and the amount herein stated ($39,350.66) shall replace the total previously awarded for attorney's fees. Furthermore, this Court now incorporates by reference all other findings, conclusions, and rulings of law contained in the December 17, 2001 Decision with respect to interest, costs, and GRC's deposit of funds into the Court Registry, into this Amended Decision."
 Motion to Reconsider 
The Rhode Island Rules of Civil Procedure, like the Federal Rules of Civil Procedure, generally do not recognize or provide for a Motion for Reconsideration. See generally, Hatfield v. Bd. of Cty. Comm'rs forConverse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). However, our Supreme Court, in noting its governance by the "liberal rules" of civil procedure, has "looked to substance not labels." Sami v.Melocarro, 113 R.I. 630, 636, 324 A.2d 648, 651-2 (1974). Consequently, "[a] motion can be construed as made under Rule 60 (b) even if it is styled "Motion to Reconsider. . . ."" James Win. Moore et. al., Moore'sFederal Practice 1997 Rules Pamphlet ¶ 60.2 [9] (1996). Therefore, GRC's motion can be construed as a motion to vacate under Rule 60(b).
A motion for relief from a judgment under Rule 60 (b) of Superior Court Rules of Civil Procedure "is addressed to the trial justice's sound judicial discretion and his [or her] ruling will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law." SeeCasa DiMario, Inc. v. Richardson, 763 A.2d 607 (R.I. 2000), Iddings v.McBurney, 657 A.2d 550. 553 (R.I. 1995). Rule 60(b)(1) permits relief from the operation of a judgment due to mistake, inadvertence, surprise, or excusable neglect. See Jackson v. Medical Coaches, 734 A.2d 502 (R.I. 1999). Rule 60 (b)(6) "vest[s] the Superior Court with broad power to vacate judgments whenever that action is appropriate to accomplish justice but that the circumstances must be extraordinary to justify relief" Bendix Corp. v. Norberg, 122 R.I. 155, 404 A.2d 505, 506 (1979) (internal citations omitted).
However, unlike in its previous Motion to Reconsider, GRC cannot now claim that it was "surprised" by this Court's two previous decisions. Moreover, GRC's argument does not present circumstances so extraordinary as to justify this Court's use of its broad discretionary power to accomplish justice. Most notably, in submitting its memorandum to this Court for consideration before its December 17th Decision, GRC failed to make a legally persuasive argument relating to statutory interest. In that Decision, this Court stated that "[d]espite raising a general objection to the imposition of interest, GRC has raised no specific arguments against it." Id. at 3. GRC also failed to raise a meritorious argument relating to the imposition of statutory interest in its first Motion to Reconsider. Consequently, this Court believes that GRC has now had two "bites" at the procedural "apple." See Murphy v. Bocchio,114 R.I. 679, 685, 338 A.2d 519, 524 (1975) (stating that "second and third bites at the apple [are] completely at odds with the philosophical basis of the rules of civil procedure, i.e., the securing of a "just, speedy, and inexpensive determination of every action-emphasis here is on the word speedy."') Therefore, GRC's Motion to Reconsider the award of prejudgment interest is denied.
GRC shall deposit the holdover rent with the Registry of Court with the statutory, 12% prejudgment interest. The interest shall be calculated from the date that GRC originally withdrew the funds from the Registry until the date GRC re-deposits the funds into the Registry. See BlueRibbon Beef Co., Inc. v. Napolitano, 696 A.2d 1225, 1230 n. 3 (R.I. 1997).
Counsel shall submit an appropriate order in this Decision, as well as the March 12, 2002 Decision and the portions of the December 17, 2001 Decision therein incorporated by reference, for entry forthwith. Moreover, the order should note that this Court has now ruled on all pending post-trial motions, and thus, has exhausted its jurisdiction pursuant to the limited remand from the Supreme Court.